# EXHIBIT I

At a Special Term of the Supreme Court, held in and for the County of Erie, at the Courthouse thereof, located at 92 Franklin Street, Part 2, in the City of Buffalo, on the 12th day of December, 2019.

PRESENT: HON. CATHERINE R. NUGENT-PANEPINTO, J.S.C.

STATE OF NEW YORK  :
SUPREME COURT  :  COUNTY OF ERIE

MARC LASURK as Administrator of the Estate of
RHONDA LASURK

        Plaintiff

vs.

**ORDER TO SHOW CAUSE**
Index #805925/2016

ABSOLUT CENTER FOR NURSING &
REHABILITATION AT
ORCHARD PARK, LLC,
ABSOLUT FACILITIES MANAGEMENT, LLC
and ISRAEL SHERMAN

        Defendants

Upon the annexed Affirmation of Michael C. Scinta, Esq., dated the 12th day of December, 2019, the exhibits annexed thereto, and upon all prior pleadings and proceedings heretofore had in this matter;

ORDERED, that Defendants show cause before this Court on **December 17th, 2019**, at 11:00 **o'clock,** why an Order should not be entered in this action granting Plaintiff's request for an Order pursuant to CPLR §603 severing the action as asserted against defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC and ABSOLUT

- BROWN CHIARI LLP -

FACILITIES MANAGEMENT, LLC from the action as asserted against defendant ISRAEL SHERMAN; an Order permitting Plaintiff to proceed to trial as against defendant ISRAEL SHERMAN; and for such other and further relief as may seem just and proper to the Court.

Let service of a copy of this Order and of the papers on which it is based, by overnight delivery to the defendants' attorney on or before **December 12th, 2019** be deemed sufficient service thereof.

12/12/19

HON. CATHERINE R. NUGENT-PANEPINTO, J.S.C.

GRANTED:

STATE OF NEW YORK :
SUPREME COURT : COUNTY OF ERIE

---

MARC LASURK as Administrator of the Estate of
RHONDA LASURK

                Plaintiff

vs.    **ATTORNEY'S AFFIRMATION**

ABSOLUT CENTER FOR NURSING &
REHABILITATION AT
ORCHARD PARK, LLC,
ABSOLUT FACILITIES MANAGEMENT, LLC
and ISRAEL SHERMAN

                Defendants

---

STATE OF NEW YORK )
COUNTY OF ERIE ) ss:

    Michael C. Scinta, Esq., an attorney duly admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury pursuant to CPLR §2106:

    1.    I am an attorney duly licensed to practice law in the State of New York and am a member of the law firm of BROWN CHIARI LLP, 2470 Walden Avenue, Buffalo, New York, 14225-4751, attorneys for the plaintiff in the above matter.

    2.    I make this affirmation in support of plaintiff's Order to Show Cause seeking: (a) an Order pursuant to CPLR §603 severing the action as asserted against defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC, and ABSOLUT FACILITIES MANAGEMENT, LLC from the action asserted against defendant

ISRAEL SHERMAN; and (b) an Order permitting Plaintiff to proceed to trial as against defendant ISRAEL SHERMAN.

3. This lawsuit arises out of the decedent RHONDA LASURK's admission to defendants' nursing home facility, Absolut Center for Nursing & Rehabilitation at Orchard Park, from October 21, 2013 through March 4, 2015, during which time multiple, severe pressure ulcers developed and worsened, requiring debridement and causing significant pain and suffering until the time of her death on March 4, 2015.

4. This action was commenced on June 3, 2016 against ABSOLUT AT ORCHARD PARK, LLC; ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC, ABSOLUT FACILITIES MANAGEMENT, LLC and ISRAEL SHERMAN, a direct owner and controlling person of the subject residential health care facility, with the filing of a Summons and Complaint with the Clerk of the Supreme Court of Erie County. Plaintiff's Summons and Complaint are annexed as **Exhibit A**.

5. Defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC, and ABSOLUT FACILITIES MANAGEMENT, LLC appeared in this action by service of an answer on or about July 15, 2016 (attached as **Exhibit B**).

6. Plaintiff thereafter filed an Amended Complaint on July 10, 2017 (attached as **Exhibit C**). The defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC; ABSOLUT FACILITIES MANAGEMENT, LLC; and ISRAEL SHERMAN served separate Amended Answers on July 26, 2017 (attached as **Exhibit D**).

FILED: ERIE COUNTY CLERK 12/12/2019 11:58 AM                               INDEX NO. 805925/2016
NYSCEF DOC. NO. 28                                                   RECEIVED NYSCEF: 12/12/2019
Case 8-19-08155-ast    Doc 2-10    Filed 12/17/19    Entered 12/17/19 10:44:09

- Page 3 -

7. Discovery was conducted and Plaintiff filed his Note of Issue on March 28, 2019 (attached as **Exhibit E**).

8. On or about September 10, 2019, ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC, and ABSOLUT FACILITIES MANAGEMENT, LLC filed voluntary petitions for Chapter 11 bankruptcy protection (attached respectively as **Exhibit F** and **Exhibit G**).

9. A trial of this action is presently scheduled to begin January 30, 2020.

10. In light of the foregoing, Plaintiff now moves this Court for an Order pursuant to CPLR §603 severing the action asserted against defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC, and ABSOLUT FACILITIES MANAGEMENT, LLC from the action as asserted against defendant ISRAEL SHERMAN.

11. First, under Section 2808-a of the New York State Public Health Law ("NY PHL"), "every person who is a controlling person of any residential health care facility liable under any provision of this article ... shall also be liable, <u>jointly and severally, with and to the same extent</u> as such residential health care facility."

12. Under NY PHL §2808-a, a "controlling person" of a residential health care facility is "any person who by reason of a direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility."

13. The automatic stay provisions of the Federal bankruptcy laws do not extent to non-bankrupt codefendants. *Rosenbaum v. Dane & Murphy, Inc.*, 189 A.D.2d 760 (2d Dept. 1993); see also

14. It is "well-established that stays pursuant to §362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F2d 61 (2d Cir. 1986). Accordingly, as a general rule, the automatic stay does not apply to actions against non-debtor third parties.

15. Further, this general rule has been applied to "non-debtor third parties, including equity shareholders and principals of a corporate debtor or an LLC." *In re FPSDA I, LLC*, 2012 Bankr. LEXIS 5928, *24 (Bankr. EDNY Dec. 26, 2012). Indeed, courts in the Second Circuit have "regularly refused to extend a debtor corporation's §362(a) stay to its non-debtor officers and principals." *Gucci, Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439 (S.D.N.Y. 2004).

16. Accordingly, it is within this Court's discretion to grant a severance. It is generally held that the balance of the equities lies with the plaintiff when one defendant has received an automatic stay pursuant to 11 USC §362(a), and codefendants request a stay of the entire action.

FILED: ERIE COUNTY CLERK 12/12/2019 11:58 AM
INDEX NO. 805925/2016
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 12/12/2019

Case 8-19-08155-ast    Doc 2-10    Filed 12/17/19    Entered 12/17/19 10:44:09

- Page 5 -

WHEREFORE, plaintiff respectfully requests that this Court issue (a) an Order pursuant to CPLR §603 severing the action as asserted against defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC, and ABSOLUT FACILITIES MANAGEMENT, LLC from the action as asserted against defendant ISRAEL SHERMAN; (b) an Order permitting plaintiff to proceed to a trial of this action as against defendant ISRAEL SHERMAN; and for such other and further relief as may be just, proper and equitable.

DATED:     Buffalo, New York
               December 12, 2019

                                                    Michael C. Scinta