**LOEB & LOEB LLP**
Schuyler G. Carroll
William M. Hawkins
Evan K. Farber
Mary Jean Kim
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
       whawkins@loeb.com
       ekfarber@loeb.com
       mjkim@loeb.com

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | )   Chapter 11 |
| | ) |
| | )   Case No. 19-76260 (AST) |
| | )   Case No. 19-76263 (AST) |
| In re: | )   Case No. 19-76267 (AST) |
| | )   Case No. 19-76268 (AST) |
| Absolut Facilities Management, LLC, *et al.* | )   Case No. 19-76269 (AST) |
| | )   Case No. 19-76270 (AST) |
| Debtors.[1] | )   Case No. 19-76271 (AST) |
| | )   Case No. 19-76272 (AST) |
| | ) |
| | )   (Jointly Administered) |
| | ) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18611203

|  | ) |  |
| --- | --- | --- |
|  | ) |  |
| Absolut Facilities Management, LLC, et al., | ) |  |
|  | ) | Chapter 11 |
| Plaintiffs, | ) |  |
| v. | ) | Case No. 19-76260-ast |
|  | ) | Case No. 19-76263-ast |
| Mark LaSurk, as Administrator of the Estate of | ) |  |
| Rhonda LaSurk, | ) | Adv. Pro. No. 8:19-AP-08155 |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## REPLY DECLARATION OF ISRAEL SHERMAN IN SUPPORT OF DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR A PRELIMINARY INJUNCTION

I, Israel Sherman make this declaration under 28 U.S.C. § 1746 (the "**Declaration**"):

1.       I am over the age of 18.  I make this Declaration in further support of the Motion submitted by Absolut Facilities Management, LLC ("**Absolut Management**") and its affiliated debtor entities (collectively, the "**Absolut Facilities Operators**" and each an "**Absolut Facilities Operator**"),[2] as debtors and debtors-in-possession (collectively, the "**Debtors**" and each a "**Debtor**") for a preliminary injunction barring prosecution of the state court action entitled *LaSurk v. Absolut Facilities Mgmt., LLC, Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC*, *et al.*, Index No. 805925/2016, (Sup. Ct. Erie Cty.) (hereinafter the "**LaSurk Action**") by

---

[2] The Absolut Facilities Operators are the following Debtors: Absolut Center for Nursing and Rehabilitation at Westfield, LLC, Absolut Center for Nursing and Rehabilitation at Allegheny, LLC, Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, Absolut Center for Nursing and Rehabilitation at Gasport, LLC, Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC, Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC, and Absolut at Orchard Brooke, LLC

2

plaintiff therein ("**Plaintiff**") as against defendant Israel Sherman (Docket No. 2), and in response to Plaintiff's Opposition to the Debtors' Motion (Docket Nos. 8 and 9).[3]

2.      I am the sole managing member of Absolut Management and the Chief Executive Officer of each of the Absolut Facilities Operators.  I have nearly 30 years of experience operating skilled nursing facilities.  I am knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees of the Debtors or the Debtors' advisors, or my opinion, which itself would be based on my experience, knowledge, and information concerning the Debtors' operations.

3.      I make this Declaration to correct the inaccurate, unsupported, speculative assertions set forth in the opposition papers of Plaintiff concerning my role in the day-to-day operations and management of the Debtors' business and the approved settlement agreement between the Debtors, Debtors' landlords, and me (Ch. 11 Docket No. 322, the "**Settlement Agreement**").  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## MY RESPONSIBILITIES WITH RESPECT TO THE DEBTORS

4.      This Court recently entered orders approving the Settlement Agreement (Ch. 11 Docket No. 322) and bidding procedures in connection with the sale of the Debtors' assets (the "**Bidding Procedures**").  (Ch. 11 Docket No. 323).  Pursuant to the Settlement Agreement, and in

---

[3] Unless otherwise noted, capitalized terms not defined herein are defined in the Memorandum of Law filed in support of the Motion (the "Moving Brief" or "Mov. Br.," Docket No. 5 in this Adversary Proceeding).  Citations to the Chapter 11 docket are herein referenced as "Ch. 11 Docket No.").

connection with Bidding Procedures, I have committed my time, efforts, and industry knowledge to facilitate the completion of due diligence and submission of bids for the purchase of the Debtors' operations and accounts receivables. I also have assisted and continue to assist key personnel in their management duties to ensure that the Facilities operate in the normal course and continue to deliver services and care to the over 700 patients and residents. Accordingly, I am intensely involved in the day-to-day operations of the Debtors' business and work diligently—both during the day and many late nights (with the exception of observing the Sabbath)—to support management to ensure that the Facilities function well. The following are but a few examples of my everyday responsibilities.

5.    On a daily basis, and at numerous points throughout each day, I engage in discussions (as I have for many months) with Lorry Dotter,[4] Chief Operating Officer, to address various issues affecting the operations of the Facilities, including patient care and staffing concerns (both medical and administrative), as well as staffing recruitment, retention, and education. We also work together to address the budget, payroll, per patient day costs ("PPD's"), physical plant issues, census matters, union issues, vendors, and regulatory matters. In addition, Ms. Dotter and I work hand-in-hand deliberating the manner by which the Facilities can maximize the Patient-Driven Payment Model ("PDPM"), which is a new Medicare payment rule. The PDPM is imperative to the continued operation of the Facilities during Chapter 11 as it enhances patient outcomes, lowers costs, and drives reimbursement owed to the Facilities.

6.    I also maintain (as I have for many months) nearly constant communication with Phillip Hoffman, the Chief Financial Officer. In light of Mr. Hoffman's expertise with overall

---

[4] Ms. Dotter has worked with the Debtors since their inception and is not newly appointed. *See* Ch. 11 Docket No. 239.

fiscal management in the healthcare industry and my long-standing knowledge of the Debtors' business, we have been working together to address the Debtor's budget issues including payroll, cash flow, and receivables and collections, as well as implementing cash management processes for the Debtors during these Chapter 11 Cases, and in contemplation of emergence from Chapter 11.  In fact, Mr. Hoffman and I speak daily about these topics—not only to ensure the remaining Facilities' continued operations (*e.g.*, paying medical and administrative staff ensure the safety, protection, and medical care of the residents) but also to prepare for the impending Bidding Procedures for the Debtors' assets and develop a confirmable Chapter 11 Plan.

7.      Although a portion of my duties requires me to work out of the Debtors' home office, where I am "on call" to discuss and address issues as needed, I frequently make site visits to various Facilities. Just this past week, I spent two days in Buffalo meeting and speaking with attorneys, consultants, and employees about various operational issues.

8.      As part of my everyday responsibilities, Ms. Dotter and I also recently drove to the Absolut Center for Nursing and Rehabilitation at Allegany, where we spent three hours reviewing the Facility's operations and addressing staffing concerns and physical plant issues with the Facility's administrator.

9.      In addition, the Bidding Procedures for the sale of the Debtors' assets and regulatory approvals needed to effectuate a successful change of ownership ("**CHOW**") of the remaining Facilities require my nearly undivided attention, and is a time commitment that is likely to grow as the sale process proceeds through and after the closing.  This is especially true because the Bidding Procedures are currently ongoing pursuant to an abbreviated timeline, and because the Debtors now have a *single outstanding bid* for their operating assets.

10.      Importantly, the single received bid would require the Facilities to operate until at least March.  During that time, my responsibilities to the Debtors would continue.  At that time, a "first step closing" would occur, where the buyer would become responsible for losses (and enjoy any profits).  During the period after the closing, however, I would be required to *remain in my current role* and be responsible for the Debtors' operations, at least until the CHOW is approved and completed.  This process will likely take many months after the closing.  It should be noted that the healthcare regulatory scheme mandates my continued service through the CHOW's completion.

11.      Despite these demanding and time-sensitive commitments toward maximizing recovery by the Debtors' estates, I am being compelled to attend to the LaSurk Action and redirect my time, a precious commodity which would be better used to serve the Debtors' estates.  The amount of time I am being forced to devote to the LaSurk Action is extreme not only because of the January 30, 2020 trial date but because I have had little personal involvement until the recent severance issued by the state court on December 31, 2019.  Attached hereto as **Exhibit A** is the Order severing the LaSurk Action against the Debtors and permitting the LaSurk Action to proceed against me.

12.      At this rate, the LaSurk Action threatens to derail a meticulously developed process and plan for the sale of substantially all of the Debtors' assets—the best way to achieve the Debtors' successful emergence from these Chapter 11 Cases.

13.      At this juncture, my nearly sole motivation in the performance of my duties is to assist the Debtors in the successful sale of their assets, which in turn, requires meeting the deadlines set forth in the Bidding Procedures.  In fact, while the Settlement Agreement provides for payment

of \$592,500 to me in connection with my duties, I am not entitled to any such payment under the current offer for the Debtors' operating assets.[5]

14.    Moreover, if the sale of the Debtors' operating assets is approved, my continued participation will be required to assist with the Bidding Procedures for the Debtors' accounts receivables (after the operating assets' sale), and, thereafter, the due diligence and regulatory approvals needed throughout the CHOW process.

15.    Furthermore, as the Bidding Procedures continue, I must spend significant time assisting in the development of a confirmable Plan.  The Debtors, the landlords and the Committee have been discussing a proposed term sheet for a Plan that specifically requires me to stay on through and including Plan confirmation.  A mere couple of days ago, I met with counsel, the Debtors' landlords, and the Committee where we spent hours discussing the terms of the Plan.  At present, we are working towards an agreement that will allow the Plan to be filed within 30 days after a sale closes, to be confirmed by March 30, 2020.

16.    Of course, doing any of these things right—management support, bidding support, sales process, and Chapters 11 Plan development—would require much of my time and attention.  Doing them simultaneously certainly requires all of my time and attention.  These efforts are likely to falter if the LaSurk Action remains another time obligation for me.

## I CAN NO LONGER AFFORD TO SELF-FUND MY DEFENSE OF THE LASURK ACTION

17.    I am a co-insured under the Debtors' relevant insurance Policy which covers the costs of defense and any judgments (up to the Policy limit) from claims arising from events that have occurred at the Facilities.  I understand that the Debtors reported to the insurer the numerous pre-

---

[5] Even if I were to obtain payment—which it currently appears I will not be—I would *certainly* not receive anything until at least 18 months from now due to the length of the CHOW process.

petition state court lawsuits filed against the Debtors, including the LaSurk Action, as "Claims" under the Policy. Because the Policy imposes a self-insured retention ("SIR"), I have been paying for the costs of my defense, out-of-pocket. These costs, however, are not sustainable, as I do not have the financial means to continue on this course. Accordingly, if the insurer denies the Claim and refuses to cover costs, I will likely have no choice but to file an administrative claim against the Debtors to request that the Debtors fund my defense in the LaSurk Action.

18.    Given my inability to pay attorney's fees, expenses, and costs, state court counsel in the LaSurk Action are seeking to withdraw from my defense. Attached hereto as **Exhibit B** is the Order potentially granting counsel's withdrawal from the LaSurk Action dated December 19, 2019. Upon the approval of this withdrawal (a hearing on the matter is now scheduled before the state court next week), I would have to engage new counsel and work with them extensively over the next few weeks. This effort would be herculean given the January 30 trial, which will require me to bring counsel up to speed and engage experts. Potential new counsel has informed me that they will need my constant and daily assistance given the imminent trial date. Moreover, new counsel also requires payment, funding which I cannot afford at this time.

19.    Engaging new counsel, preparing for trial in the LaSurk Action and executing my responsibilities properly, on behalf of the Debtors, all at the same time, is simply not feasible.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 10, 2020
      New York, New York

                             */s/ Israel Sherman*
                             Israel Sherman
                             Chief Executive Officer

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
-------------------------------------------------------------------------
MARC LASURK as Administrator of the Estate of
RHONDA LASURK

                            Plaintiff

        vs.

ABSOLUT AT ORCHARD PARK, LLC
ABSOLUT CENTER FOR NURSING &
REHABILITATION AT ORCHARD PARK, LLC
ABSOLUT FACILITIES MANAGEMENT, LLC
ISRAEL SHERMAN

                          Defendants
-------------------------------------------------------------------------

Index No.: 805925/2016

**NOTICE OF ENTRY**

PLEASE TAKE NOTICE, that the within attached Order is a true copy of the Order

issued by Honorable James H. Dillon, J.S.C. o/b/o Hon. Catherine Nugent-Panepinto, J.S.C. on

December 19, 2019 and entered with the Erie County Clerk's Office on December 19, 2019.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under
the circumstances, the presentation of this paper or the contentions herein are not frivolous, as
that term is defined in Part 130 of the Court Rules.

Dated: Buffalo, New York
       December 31, 2019

                         Yours, etc.

                         **KAUFMAN BORGEEST & RYAN LLP**

                         _____
                         By: Jessica M. DeMichiel, Esq.
                         Attorneys for Defendants
                         701 Seneca Street, Suite 710N
                         Buffalo, New York 14210
                         (716) 246-4640
                         File No.:  898.018

TO:   **BROWN CHIARI LLP**
       Michael Scinta, Esq.
       Attorneys for Plaintiff
       2470 Walden Avenue
       Buffalo, New York 14225

6140701

At a Special Term of the Supreme
Court, held in and for the County of Erie,
State of New York, at 92 Franklin Street,
Buffalo, New York on the 17th Day of
December, 2019

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

_____

MARC LASURK, as Administrator of the Estate of
RHONDA LASURK,

                    Plaintiffs,                              **ORDER**

            -v-                                              805925/2016

ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT ORCHARD PARK, LLC,
ABSOLUT FACILITIES MANAGEMENT, LLC, and
ISRAEL SHERMAN,

                    Defendants.

_____

        Plaintiff, MARC LASURK, as Administrator of the Estate of RHONDA LASURK, having

moved for an Order severing the action against defendants ABSOLUT CENTER FOR

NURSING & REHABILITATION AT ORCHARD PARK, LLC and ABSOLUT FACILITIES

MANAGEMENT, LLC from the action as asserted against defendant ISRAEL SHERMAN

pursuant to CPLR §603 and an Order permitting Plaintiff to proceed to trial as against defendant

ISRAEL SHERMAN, and Defendant, ISRAEL SHERMAN, having opposed Plaintiff's Order to

Show Cause and having sought an Order imposing an automatic stay of this action against

defendant ISRAEL SHERMAN pursuant to 11 U.S.C. §362, and said Orders to Show Cause

having duly come on to be heard,

        **NOW**, upon the reading the Order to Show Cause of Michael C. Scinta, Esq. dated

December 12, 2019, moving to sever the action against defendants, ABSOLUT CENTER FOR

NURSING & REHABILITATION AT ORCHARD PARK, LLC and ABSOLUT FACILITIES

MANAGEMENT, LLC, from the action as asserted against defendant ISRAEL SHERMAN and

to proceed to trial as against defendant ISRAEL SHERMAN; the Attorney Affirmation of Michael

6118999

C. Scinta, Esq. dated December 12, 2019, with exhibits attached, submitted in support of Plaintiff's Order to Show Cause; the Order to Show Cause of Jessica M. DeMichiel, Esq. dated December 13, 2019, opposing Plaintiff's Order to Show Cause and seeking to impose an automatic stay of this action against defendant ISRAEL SHERMAN; the Attorney Affirmation of Jessica M. DeMichiel, Esq. dated December 13, 2019, with exhibits attached, submitted in opposition to the Plaintiff's Order to Show Cause and in support of Defendant's Order to Show Cause; and the Reply Affirmation of Theresa M. Walsh, Esq. dated December 16, 2019, in further support of Plaintiff's Order to Show Cause and in opposition to Defendant's Order to Show Cause;

NOW, this matter having come before this Court on December 17, 2019, and Plaintiff, MARC LASURK, as Administrator of the Estate of RHONDA LASURK, having appeared by and through Brown Chiari, LLP, Michael C. Scinta, Esq.; Defendant, ISRAEL SHERMAN, having appeared by and through Kaufman Borgeest & Ryan, LLP, Jessica M. DeMichiel, Esq.; and due consideration having been made thereon, and upon all of the papers having been submitted hereto, and the oral argument of the Parties on December 17, 2019, it is hereby:

ORDERED, that Plaintiff's Order to Show Cause seeking to sever the action against defendants ABSOLUT CENTER FOR NURSING & REHABILITATION AT ORCHARD PARK, LLC and ABSOLUT FACILITIES MANAGEMENT, LLC from the action as asserted against defendant ISRAEL SHERMAN and to permit Plaintiff to proceed to trial as against defendant ISRAEL SHERMAN is granted in its entirety; and

ORDERED, that Defendant's Order to Show Cause seeking to impose an automatic stay of this action against defendant ISRAEL SHERMAN is denied in its entirety.

12/19/19

GRANTED: _JAMES H. DILLON 1/2/0_  HON. CATHERINE R. NUGENT-PANEPINTO, J.S.C.

2

6118999

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
---------------------------------------------------------------------------
MARC LASURK as Administrator of the Estate of
RHONDA LASURK

                           Index No.: 805925/2016

              Plaintiff

                          **NOTICE OF ENTRY**

      vs.

ABSOLUT AT ORCHARD PARK, LLC
ABSOLUT CENTER FOR NURSING &
REHABILITATION AT ORCHARD PARK, LLC
ABSOLUT FACILITIES MANAGEMENT, LLC
ISRAEL SHERMAN

              Defendants
---------------------------------------------------------------------------

        PLEASE TAKE NOTICE, that the within attached Order is a true copy of the Order

issued by Honorable James H. Dillon, J.S.C. o/b/o Hon. Catherine Nugent-Panepinto, J.S.C. on

December 19, 2019 and entered with the Erie County Clerk's Office on December 19, 2019.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under
the circumstances, the presentation of this paper or the contentions herein are not frivolous, as
that term is defined in Part 130 of the Court Rules.

Dated: Buffalo, New York
       December 31, 2019

                     Yours, etc.

                     **KAUFMAN BORGEEST & RYAN LLP**

                     _____
                     By: Jessica M. DeMichiel, Esq.
                     Attorneys for Defendants
                     701 Seneca Street, Suite 710N
                     Buffalo, New York 14210
                     (716) 246-4640
                     File No.:  898.018

TO:   **BROWN CHIARI LLP**
       Michael Scinta, Esq.
       Attorneys for Plaintiff
       2470 Walden Avenue
       Buffalo, New York 14225

                                                 6140702

Case 8-19-08155-ast Doc 11 Filed 01/10/20 Entered 01/10/20 13:14:02 INDEX NO. 805925/2016

At a Special Term of the Supreme Court, held in and for the County of Erie, State of New York, at 92 Franklin Street, Buffalo, New York on the 17th Day of December, 2019

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

MARC LASURK, as Administrator of the Estate of RHONDA LASURK,

                        Plaintiffs,

            -v-

ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC, ABSOLUT FACILITIES MANAGEMENT, LLC, and ISRAEL SHERMAN,

                        Defendants.

---

**ORDER**

805925/2016

Defense counsel, Kaufman Borgeest & Ryan, LLP, having moved for an Order to be relieved as counsel for defendant ISRAEL SHERMAN, and said Order to Show Cause having duly come on to be heard,

**NOW**, upon the reading the Order to Show Cause of Jessica M. DeMichiel, Esq. dated December 13, 2019, moving for Kaufman Borgeest & Ryan, LLP to be relieved as counsel for the defendant ISRAEL SHERMAN; and the Attorney Affirmation of Jessica M. DeMichiel, Esq. dated December 13, 2019, with exhibits attached, submitted in support of this Order to Show Cause; and said Order to Show Cause not being opposed;

**NOW,** this matter having come before this Court on December 17, 2019, and Plaintiff, MARC LASURK, as Administrator of the Estate of RHONDA LASURK, having appeared by and through Brown Chiari, LLP, Michael C. Scinta, Esq.; Defense counsel having appeared by and through Kaufman Borgeest & Ryan, LLP, Jessica M. DeMichiel, Esq.; and due consideration having been made thereon, and upon all of the papers having been submitted hereto, and the oral argument of the Parties on December 17, 2019, it is hereby:

6119661

Case 8-19-08155-pat  Doc 11  Filed 01/10/20  Entered 01/10/20 13:14:02  INDEX NO. 805925/2016

**ORDERED,** that Kaufman Borgeest and Ryan, LLP and the Defendant ISRAEL SHERMAN engage in a good-faith attempt to resolve the irreconcilable differences and failure to pay attorney's fees, expenses, costs and disbursements impeding the ability of Kaufman Borgeest and Ryan, LLP to continue as counsel of record for Defendant ISRAEL SHERMAN; or, in the alternative

**ORDERED,** that Defendant, ISRAEL SHERMAN, voluntarily retain new counsel with the good-faith assistance of Kaufman Borgeest & Ryan LLP; or, in the alternative,

**ORDERED,** that Kaufman, Borgeest & Ryan, LLP and Defendant ISRAEL SHERMAN personally appear before this Court on January 9, 2020 at 9:30 a.m.

12/19/19

**GRANTED:**    JAMES H. ALLEN 1/9/    HON. CATHERINE R. NUGENT-PANEPINTO, J.S.C.

2

6119661